**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 C 6550 |
| v. | ) | |
| TRANS UNION LLC, | ) | HONORABLE DAVID H. COAR |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Lisa Lewis (the "Plaintiff"), by and through her attorneys, Krohn and Moss ("K&M"), sued Trans Union, LLC ("Trans Union") for alleged violations of the Fair Credit Reporting Act. That action has been terminated pursuant to a motion to dismiss. This court retained jurisdiction to address the issue of sanctions and attorneys' fees. Before this court now is Trans Union's Motion for Sanctions pursuant to 15 U.S.C. §1927 and 15 U.S.C. §§ 1681n© and 1681o(b).

**I. FACTUAL BACKGROUND**

In August of 2004, Plaintiff approached K&M and complained to them that her credit file had been merged with the files of others. Plaintiff presented two credit reports, one from Trans Union and one from another credit reporting company, during a two-hour intake process held with a K&M attorney prior to agreeing to represent her. Later on, a K&M attorney conducted a forty-five minute interview with Plaintiff where she explained her situation in greater depth. Plaintiff told the attorney that she thought that because her name was fairly common, the credit

-1-

events of other people with similar names were being attributed to her. At the conclusion of the interview, the K&M attorney advised the Plaintiff that she would be liable for attorney's fees and sanctions should she make any material misrepresentations.

Thereafter, K&M prepared a complaint and presented it to the Plaintiff for her review. After some days passed without hearing from the Plaintiff, K&M filed the complaint on or about October 12, 2004. According to Trans Union, on January 26, 2005 it notified K&M that it suspected the Plaintiff had been using multiple identities, thereby committing fraud. According to K&M, it requested proof from Trans Union but never received proof until almost three months later. On April 28, 2005, Trans Union gave to K&M a letter, a legal memorandum and a motion for sanctions which prompted K&M to file a motion to dismiss the lawsuit with prejudice. That motion was entered into the court's docket on May 10, 2005. Several days later, K&M motioned the court to dismiss again and to withdraw as counsel. The court's docket shows that nothing was filed with the court between December 3, 2004 and May 10, 2005.

Trans Union now complains that K&M violated Title 28 U.S.C. §1927 when it failed to conduct an adequate pre-filing inquiry. Trans Union also complains that had K&M performed an adequate pre-filing inquiry, it would have known that the case was frivolous before even filing suit.

**II. ANALYSIS**

**1. 28 U.S.C. §1927**

Title 28 U.S.C. §1927 provides as follows:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.[1]

It is solely within a district court's discretion to award sanctions under Section 1927. *Walter v. Fiorenzo*, 840 F.2d 427,433 (7th Cir. 1988). In order to warrant sanctions the offending attorney's conduct must be both unreasonable and vexatious, which do not mean the same thing. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184. Demonstrating objectively unreasonable conduct only satisfies one prong of the statutory requirement. *Id.* One must also show the attorney's conduct to be at a minimum, reckless and indifferent. *Id.*

Trans Union must first show that K&M multiplied the proceedings against Trans Union in an unreasonable and vexatious manner. In its argument for sanctions under Section 1927, Trans Union claims that K&M pursued an action against it without conducting an adequate pre-filing inquiry, thus multiplying the proceedings unreasonably and vexatiously. Trans Union's reliance on K&M's pre-filing activities is misguided. The Seventh Circuit has explained that Section 1927 addresses prolonging litigation whereas Rule 11 of the Federal Rules of Civil Procedure addresses particular filings and therefore, unlike Rule 11, Section 1927 does not require reasonable investigation. *Samuels v. Wilder*, 906 F.2d 272, 275 (1990). Thus, the adequacy of K&M's pre-filing investigation is irrelevant under a Section 1927 analysis. *See also Coar v. Kantos*, 1985 WL 3084 at *3 (N.D.Ill. 1985). Other courts have stated the same point more definitively. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (3d Cir. 1996) (Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun."); *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986) ("Section 1927 does not apply to initial pleadings,

---

[1] Obviously, since Plaintiff is not an attorney she cannot be sanctioned under 28 U.S.C. §1927.

since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed.").

Only K&M's conduct after the suit was instituted is relevant to whether sanctions should be imposed under Section 1927. So the relevant question is whether K&M multiplied the proceedings after becoming aware of Trans Union's suspicions because "[c]ounsel may 'multiply' proceedings by dragging them out." *Samuels*, 906 F.2d at 275. A corollary question is whether Trans Union's assertions put K&M in a position where it should have reasonably investigated Plaintiff's claims *at that point*. Trans Union admits in its own reply that its submission of the proof of its suspicions came in the Rule 11 motion. That motion was given to K&M on April 28, 2005. The docket reports for the Northern District of Illinois show that K&M did not file anything with the court during the period after Trans Union claims to have informed K&M of its suspicions and May 10, 2005, the date of K&M's motion to dismiss. Trans Union's argument then must be that K&M had an affirmative duty to withdraw the action once becoming aware of Trans Union's suspicions on January 26, 2005. Trans Union has not offered any support for such a position.

Trans Union has not demonstrated how K&M multiplied the proceedings against it unreasonably or vexatiously after becoming aware that Trans Union suspected the K&M's client of fraud. Therefore, this court finds it inappropriate to award any sanctions, fees or costs against K&M under 28 U.S.C. §1927.

**2. 15 U.S.C. §§ 1681n© and 1681o(b)**

It is unquestionable that Plaintiff knew that she had used multiple personalities in obtaining various credit services prior to the filing of the complaint against Trans Union. It is

-4-

also apparent that she acted in bad faith in bringing this action against Trans Union because she knew that Trans Union did not commit any of the violations she alleged in her complaint. Title 15 U.S.C. §1681n© provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

However, this court agrees with the court in *Ryan v. Trans Union Corp.*, where it has held that it is not appropriate to impose attorney's fees upon a party's lawyer. 2001 WL 185182 (N.D.Ill. 2001). Imposition of attorney's fees against K&M here is especially unwarranted because it has not been established that the attorney was acting in fact, acting in bad faith.[2] The court explained as follows:

> Section 1681n© does not expressly provide that a party's attorney may be compelled to pay his opponent's attorney's fees. Defendants have cited nothing in the statute's legislative history, nor has the Court found anything in its own research, indicating that Congress intended to authorize a court to impose fees against an attorney. Attorney's fee statutes of the type at issue here-those that permit recovery by a prevailing party and are silent as to who may be required to pay the award-have consistently been read to permit a fee award only against a party, not against the party's attorney. *See, e.g., Corneveaux v. CUNA Mutual Insurance Group*, 76 F.3d 1498, 1508-09 (10th Cir.1996)(42 U.S.C. § 2000e-5(k)); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 276 (3d Cir.1990)(42 U.S.C. § 1988)(citing cases); *Hamer v. County of Lake*, 819 F.2d 1362, 1370 (7th Cir.1987)(42 U.S.C. § 1988); *Quiroga v. Hasbro, Inc.*, 934 F.3d 497, 504 (3d Cir.1991)(42 U.S .C. § 2000e-5(k)). *See generally Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 (1980) (indicating that fees under 42 U.S.C. § 1988 may be recovered only against a party, not the party's attorney). The Court concludes that §1681n© does not authorize imposition of attorney's fees upon a party's lawyer.

---

[2] It is important to note that Trans Union did not substantiate its suspicions of Plaintiff until after expending significant time and resources. Thus, this court does not agree that K&M could have discovered their client's misrepresentations by exercising a modicum of diligence.

Id at *5.  This court agrees with the court in *Ryan* and holds that the imposition of attorneys' fees against K&M is unwarranted.  In addition, the same analysis that applied to §1681n© applies to §1681o(b).

However, as to the Plaintiff, this court finds that an award of attorney's fees are warranted.  Plaintiff knew that she had obtained various credit services under different aliases with different social security numbers prior to filing the complaint against Trans Union.  The question is whether she knew that by filing suit, she knew she "had no viable claim" or that the complaint was frivolous, unreasonable, or without foundation." *Ryan*, 2001 WL 185182 at *5.  The plaintiff in *Ryan* did not know that the credit services had been obtained fraudulently because someone else had actually applied for the services.  *Id.*  Here, the Plaintiff affirmatively sought out credit services under different aliases by her own hand, as evidenced by the various exhibits submitted to the court displaying her signatures.  In *Ryan*, the court determined there was a sufficient chance the plaintiff did not understand the baselessness of the claim at the time the complaint was filed.  *Id.*

That is not the case here.  The Plaintiff was well aware that she was lying when she consulted with K&M and lying in the allegations against Trans Union in the complaint.  Indeed, K&M has produced an affidavit in which the attorney swore that he informed Plaintiff of the consequences of lying before filing the complaint.  Therefore, imposing attorney's fees under Title 15 U.S.C. §§ 1681n© and 1681o(b) are entirely appropriate against Plaintiff because she knew of the falsity and baselessness of allegations in the complaint when it was filed, and therefore, acted in bad faith.

### III. CONCLUSION

For the above stated reasons, Defendant's Motion for Sanctions is GRANTED as to Plaintiff, Lisa Lewis ONLY for Trans Union's attorneys' fees in defending the Complaint. Lisa Lewis is hereby given twenty-one days to file any written objections. Trans Union, LLC is to submit to this court a detailed itemized fee and cost petition on or before October 30, 2006. That itemization is to be served on Lisa Lewis and a certificate of service is to be filed with this court. Lisa Lewis shall have twenty-one (21) days from the date of service to file written objections to the itemization.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **09/29/06**